

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Colleen M. Gulliver
colleen.gulliver@us.dlapiper.com
T   212.335.4737
F   917.778.8037

December 20, 2021

*VIA ECF*

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

   **Re:** ***Webb v. Pfizer*, Case No. 1:21-cv-8244-DLC**

Dear Judge Cote:

  Our firm represents Defendant Pfizer Inc. ("Pfizer") in the above-referenced matter. Pursuant to Local Rules 5.2(b) and 7.1(d), and your Honor's Civil Individual Practices 1.A and 1.E, Pfizer respectfully requests a stay of all case deadlines pending determination by the parties of the appropriate venue where all substantially similar actions filed against Pfizer can be coordinated. We have conferred with opposing counsel, who do not object to the requested stay.

  This case is one of a number of analogous putative class actions filed against Pfizer nationwide in response to Pfizer's recall of Chantix (varenicline). On August 12, 2021, a plaintiff named Roslyn Harris filed the first-filed action before this Court: a putative class action lawsuit alleging that the Chantix she purchased was "economically worthless" due to the recall. *See Harris v. Pfizer Inc.*, No. 1:21-cv-06789 (S.D.N.Y.).

  Following the *Harris* action, the firm representing plaintiff in this case filed seven nationwide putative class actions related to Pfizer's voluntary recall in seven different jurisdictions, including this case:

- *Edwards v. Pfizer, Inc.*, No. 2:21-CV-4275 (E.D. Pa.), filed September 29, 2021;
- *Jacobson v. Pfizer, Inc.*, No. 2:21-CV-7961 (C.D. Cal.), filed October 5, 2021;[1]
- *Webb v. Pfizer, Inc.*, No. 1:21-CV-8244 (S.D.N.Y.), filed October 6, 2021;
- *Seeley v. Pfizer, Inc.*, No. 3:21-CV-7892 (N.D. Cal.), filed October 7, 2021;
- *Duff v. Pfizer, Inc.*, No. 2:21-CV-1350 (W.D. Pa.), filed October 8, 2021;
- *Abreu v. Pfizer, Inc.*, No. 0:21-CV-62122 (S.D. Fla.), filed October 12, 2021;
- *Evans v. Pfizer, Inc.*, No. 3:21-CV-1263 (S.D. Ill.), filed October 15, 2021.

In addition, on October 19, 2021, a third-party payor ("TPP") plaintiff filed an action in the Southern District of Florida on behalf of a nationwide class of TPPs. *See MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.*, No. 1:21-cv-23676 (S.D. Fla.). On November 12, 2021, the firm

---

[1] By agreement of the parties, the plaintiff in this case recently voluntarily dismissed his complaint without prejudice.

Hon. Denise L. Cote
Page 2

representing the plaintiff in *Harris* also filed a case in the Southern District of Florida. *See Houghton v. Pfizer Inc.*, 1:21-cv-23987 (S.D. Fla.). Another consumer case, *Spence v. Pfizer, Inc.*, No. 1:21-cv-6324 (N.D. Ill.), was filed by a fourth plaintiff's firm on November 24, 2021. The summons and complaint in that case have not yet been served.

On October 27, 2021, Pfizer filed a Statement of Relatedness regarding this case and the *Harris* action. *See* ECF No. 10. On November 5, 2021, the case was accepted as related and transferred to this Court. On December 8, 2021, Plaintiff served this action on Pfizer.

Pfizer believes that these actions (which all stem from the same recall) should be transferred to this Court – where both this case and the first-filed *Harris* action are pending – in the interest of judicial efficiency and economy. To this end, on November 4, 2021, Pfizer moved to transfer the *Abreu* action to the Southern District of New York. *See Abreu v. Pfizer, Inc.*, No. 0:21-CV-62122 (S.D. Fla.), ECF No. 9. That motion is now fully briefed.

The parties for all but the most recently filed and not-yet-served action agree that these cases would benefit from having a unitary forum in which they can be litigated to avoid unnecessary and duplicative motion practice on motions to transfer and motions to dismiss, as well as potentially inconsistent rulings. The parties have conferred telephonically in good faith regarding the appropriate forum for these actions and those discussions continue. Other Courts already have granted stays to achieve this purpose. *See, e.g., Evans v. Pfizer*, No. 3:21-cv-1263-DWD (S.D. Ill.), Order, ECF No. 9 (granting joint motion to stay); *Seeley v. Pfizer, Inc.*, No. 3:21-CV-7892 (N.D. Cal.), Order, ECF No. 17 (same); *Houghton v. Pfizer Inc.*, 1:21-cv-23987 (S.D. Fla.), ECF No. 11 (same); *see also MSP Recovery Claims Series 44, LLC v. Pfizer, Inc.*, No. 1:21-cv-23676 (S.D. Fla.), Order, ECF No. 14 (granting extension of time to respond to the complaint until 30 days after that Court rules on the parties' joint motion to stay).

Thus, good cause to stay exists because a stay will conserve judicial resources that would otherwise be devoted to resolving duplicative motions to dismiss and venue disputes that the parties believe can be resolved more efficiently if this action is stayed. *See Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936) (noting that federal courts have inherent authority to stay proceedings to conserve judicial resources and ensure efficient handling of cases); *Nat'l Football League Properties, Inc. v. Hi-Pro Mktg., Inc.*, No. 92-cv-1456, 1992 WL 204370, at *2 (S.D.N.Y. Aug. 11, 1992) ("A court has the inherent power to stay an action based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'") (citation omitted).

Accordingly, Pfizer respectfully requests that the Court stay all case deadlines, including the December 28, 2021 deadline for Pfizer to respond to the complaint, pending the determination of the forum in which all of these matters can be heard.

Granted.
/s/ Denise Cote
12/20/21

Respectfully submitted,

/s/ Colleen M. Gulliver
Colleen M. Gulliver
**DLA Piper LLP (US)**
*Counsel for Defendant Pfizer Inc*

cc: All Counsel of Record (via ECF)